IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARIO L. HAYES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-140 |
| | ) | (Formerly CR 112-258) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at FCI Butner Medium II, in Butner, North Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This case is now before the Court on Respondent's motion to dismiss, (doc. no. 7), which Petitioner opposes, (doc. no. 11). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, that Petitioner's § 2255 motion be **DISMISSED** as untimely, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

**I.     BACKGROUND**

   **A.     Indictment and Agreement to Plead Guilty**

On December 6, 2012, the grand jury in the Southern District of Georgia charged Petitioner in a one-count indictment with Possession of a Firearm and Ammunition by a Convicted Felon. United States v. Hayes, CR 112-258, doc. no. 1 (S.D. Ga. Dec. 6, 2012) (hereinafter "CR 112-258"). The Court appointed attorney Joseph E. Spires under the

Criminal Justice Act to represent Petitioner. Id., doc. no. 28. On February 7, 2013, pursuant to a plea agreement (the "Agreement"), Petitioner entered a guilty plea to the sole count in the indictment. Id., doc. nos. 40-42. The Agreement delineated the term of imprisonment for the charge to which he was pleading was not more than ten years, and that the Court was free to impose any sentence up to that statutory maximum sentence. Id., doc. no. 42, pp. 1, 6. The Agreement also explained the government would not object to a recommendation for a two-point reduction for acceptance of responsibility under the Sentencing Guidelines and would move for an additional one-point reduction for acceptance of responsibility if, *inter alia*, Petitioner did not engage in criminal conduct subsequent to his arrest or initial appearance in the case. Id. at 2.

However, the Agreement also expressly stated Petitioner understood "that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by Defendant's counsel or the United States Attorney." Id. at 6. Petitioner agreed that even if the sentence imposed by the Court was more than he expected, he had no absolute right to withdraw his guilty plea. Id. Moreover, if Petitioner failed to comply with any term of the Agreement in any way, including committing new crimes prior to sentencing, the government was released from the terms of the Agreement. Id. at 10.

Petitioner's plea agreement also included a broad appeal and collateral attack waiver that stated in relevant part:

> Understanding that federal law and rules provide for an appeal by a defendant of the conviction and sentence under certain circumstances, as a part of this agreement and in consideration for the government's promises

> hereunder, to the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Id. at 3.

### B. Sentencing

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Criminal History Score at sixteen, Criminal History Category at VI, and Guideline imprisonment range at thirty-seven to forty-six months. PSI ¶¶ 30, 54. The PSI detailed a criminal history dating back to an arrest and conviction at age seventeen for theft by receiving stolen property, which resulted in an unsuccessful attempt at six years of probation under Georgia's First Offender Act. PSI ¶ 22. Petitioner obtained a First Offender sentence after the original charges of kidnapping, armed robbery and possession of a firearm during the commission of a crime were nolle prossed. PSI ¶ 35. Petitioner was arrested and convicted at age nineteen for possession of cocaine and carrying a concealed weapon. PSI ¶ 23. Petitioner's criminal activity continued unabated, with multiple convictions related to theft and possession of cocaine. PSI ¶¶ 24-27. Petitioner was also acquitted of charges for obstruction of a law enforcement officer after he was not timely tried subsequent to filing a motion for a speedy trial. PSI ¶ 38.

3

Petitioner did not receive any credit for acceptance of responsibility under the Guideline calculations. PSI ¶ 19. The PSI explained that although Petitioner admitted involvement with the offense, he "argued" that although a police report stated a loaded gun magazine was found on him in a jacket pocket, he was not wearing a jacket the night of his arrest. PSI ¶ 8. The PSI also stated that despite admitting his criminal conduct related to the charged offense, he had not withdrawn from criminal conduct. Specifically, while awaiting sentencing at the Jefferson County Jail, he was charged with having an item prohibited from possession by an inmate, a cellular telephone, and with riot in a penal institution after engaging in a physical altercation with fellow inmates. PSI ¶¶ 9, 33, 34. Defense counsel filed a motion to continue the sentencing because of the impact on the Guideline range of the loss of acceptance of responsibility based on these unresolved charges, and United States District Judge J. Randal Hall delayed Petitioner's sentencing for approximately two and one half months. CR 112-258, doc. nos. 52, 53, 55.

At sentencing on December 16, 2013, neither side raised objections to the PSI, and Judge Hall adopted the factual statements in the PSI and applicable advisory Guideline sentencing range of thirty-seven to forty-six months. Id., doc. no. 74, pp. 2-3 ("Sent. Trs."); PSI ¶ 54. Notably, however, defense counsel discussed at length the two arrests that occurred at the Jefferson County Jail while Petitioner was awaiting sentencing, explaining to Judge Hall that the initial PSI set Petitioner's sentencing range at thirty to thirty-seven months, but the unresolved charges and subsequent loss of acceptance of responsibility under U.S.S.G. § 3E1.1 resulted in the increase to thirty-seven to forty-six months. Sent. Trs., pp. 4-6, 8. Counsel explained the contraband charge resulted from an assertion by a guard that

4

she "thought she saw [Petitioner] with a cellphone." Id. at 4-5, 8. The riot charge stemmed from an altercation with other inmates who beat Petitioner unconscious, allegedly in an attempt to cause him to lose his acceptance of responsibility. Id. at 5, 8.

Counsel acknowledged that he could not object to the loss of acceptance of responsibility because Petitioner had been arrested, but he thoroughly explained Petitioner had not been indicted, let alone convicted, based on the arrests. Id. at 5-6. Counsel argued strenuously for Judge Hall to take the sentencing recommendation from the initial PSI that included credit for acceptance of responsibility. Id. at 6. When asked by Judge Hall if he wanted to make a statement, Petitioner declined. Id.

The government acknowledged at sentencing that it had agreed not to oppose a sentence at the low end of the Guideline range but also that it had not anticipated a loss of acceptance of responsibility based on continued criminal activity. Id. at 6-7. The government also pointed out that Petitioner had a significant criminal history apart from the two arrests at Jefferson County Jail but did not advocate for a particular sentence. Id. at 7-8. After listening to both sides, and announcing he had carefully considered the factors set forth in 18 U.S.C. § 3553(a), Judge Hall sentenced Petitioner to forty-two months of imprisonment, the middle of the applicable Guideline range as determined in the final PSI. Id. at 9; CR 112-258, doc. no. 59. This federal sentence was to be served consecutively to the state sentence Petitioner had been serving for Richmond County (Georgia) Superior Court Case Number 2011RCCR00969. Sent. Trs., p. 9; CR 112-258, doc. no. 59, p. 2. The judgment entered December 18, 2013. CR 112-258, doc. no. 59.

### C. Post-Conviction Proceedings

Consistent with the Agreement, Petitioner did not file a direct appeal. However, in a letter addressed to Judge Hall dated November 19, 2014, Petitioner stated that his charge for having contraband in the Jefferson County Jail had been dismissed, and he wanted to be resentenced with credit for acceptance of responsibility. See CR 112-258, doc. no. 60. Petitioner also asked to be sentenced so that his state and federal sentences would run concurrently. See id. Petitioner made no mention of the other offense at Jefferson County Jail that caused him to lose his acceptance of responsibility points, participation in a riot. Judge Hall denied Petitioner's requests. See id., doc. no. 61.

Petitioner then wrote a letter to the Clerk of Court dated February 5, 2015, in which he stated his "intent" to file a § 2255 motion and asserted that he had been improperly sentenced because the contraband charge had been dismissed, and he requested that counsel be appointed to assist him in bringing his "intended" motion. See id., doc. no. 62. Judge Hall denied the request for counsel, explaining there is no constitutional right to counsel in habeas corpus proceedings and his lack of access to a law library did not warrant appointment of counsel to help him prepare a § 2255 motion. See id., doc. no. 63.

Approximately seven months after stating his intention to file a § 2255 motion, Petitioner signed the instant § 2255 motion on September 1, 2015, and the Clerk of Court filed it on September 8, 2015. (See doc. no. 1.) Petitioner raises one clear ground for relief: he was improperly denied an acceptance of responsibility reduction based on his two arrests while incarcerated at the Jefferson County Jail awaiting sentencing. (Id. at 4.) It appears as though Petitioner may also be attempting to raise a related ineffective assistance of counsel

6

claim based on his assertion that this sentencing claim was not previously raised because counsel failed to file a direct appeal. (Id. at 4, 21.) The government moves to dismiss the § 2255 motion as untimely.[1] (Doc. no. 7.) Petitioner opposes the motion. (Doc. no. 11.)

Even if the Court were to assume, for the sake of argument, that the collateral attack waiver in Petitioner's plea agreement is not valid, Petitioner's current § 2255 motion is barred as untimely, and his arguments for a later statute of limitations are without merit.

## II. DISCUSSION

### A. The Motion Is Untimely.

#### 1. Petitioner's Statute of Limitations Began to Run the Date His Conviction Became Final.

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Respondent requests it be allowed to respond to the merits of Petitioner's § 2255 motion if the Court determines that it is timely. Because the Court is recommending that the motion to dismiss be granted, the request for further briefing is moot.

> 4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on December 18, 2013, and because Petitioner did not file a direct appeal, his convictions and sentence became final fourteen days later. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining that where no timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction final ten days after entry); Fed. R. App. P. 4(b)(1).[2] The instant petition, executed on September 1, 2015 and outside of the one-year statute of limitations, is untimely.

### 2. Petitioner Has Not Established Any Date Other than When His Conviction Became Final Triggered His One-Year Statute of Limitations.

Nor does Petitioner's mistaken reliance on § 2255(f)(2), (3) or (4) qualify him for a later statute of limitations.[3] To the extent Petitioner may be claiming that he should benefit from § 2255(f)(2) because his lack of access to a legal library while housed at the Jefferson County Jail from March of 2014 through April of 2015 impeded his ability to timely file, his argument fails. "The mere inability of a prisoner to access the law library is not, in itself, an

---

[2]In 2009, the Federal Rules of Appellate Procedure were revised to extend the time for filing a notice of appeal from ten days to fourteen days. Fed. R. App. P. 4(b), 2009 advisory committee's note.

[3]Petitioner mistakenly cites the statute for consideration of a second or successive habeas corpus petition. (Doc. no. 1, p. 20 and doc. no. 11, p. 2 (citing 28 U.S.C. § 2244).) Neither of his *letters* addressed to Judge Hall or the Clerk of Court were *motions* filed pursuant to § 2255. Thus, the motion currently before the Court is not second or successive. Nonetheless, based on the substance of his arguments, the Court concludes he is relying on § 2255(f)(2), (3) or (4).

unconstitutional impediment." Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000). "The inmate must show that this inability caused an actual harm, that is, prevented him from exercising that fundamental right of access to the courts in order to attack his sentence . . . ." Id. Petitioner concedes that he was housed at the Richmond County Jail for approximately three months after he was sentenced before returning to the Jefferson County Jail. (Doc. no. 11, p. 3.) Additionally, as evidenced by the letters written to Judge Hall and the Clerk of Court in December of 2014 and February of 2015, respectively, Petitioner obviously knew what issues he wanted to challenge with respect to his sentencing and had the ability to lay out those concerns in written documents sent to the Court.

Likewise, a petitioner has no constitutional right to counsel in habeas proceedings, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Thus, Petitioner's assertion that he did not have a "chance to get any legal help" to file his § 2255 motion while at the Jefferson County Jail from March 2014 through April of 2015 does not extend his statute of limitations. (See doc. no. 11, p. 3.) Perhaps most tellingly, when asked to explain, under penalty of perjury, why he had not timely filed the instant motion, he stated only that his filing date was based on "newly discovered evidence" in the form of the March 31, 2015 dismissal of the riot charge. (Doc. no. 1, pp. 12, 15.)

Under § 2255(f)(3), the one-year statute of limitations may also run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been made retroactively applicable to cases on collateral review. Petitioner does not cite, and the Court is not aware of, any recent Supreme Court case law setting forth a newly recognized right that has been made retroactively applicable on collateral review relevant to Petitioner's

9

claim he was improperly denied an acceptance of responsibility reduction. Accordingly, Petitioner is not entitled to a later date for starting his one-year statute of limitations based on § 2255(f)(3).

Likewise, he is not entitled to a later date for running the statute of limitations based on the date he could have discovered the basis for his claims. See 28 U.S.C. § 2255(f)(4). First, as to the potential claim that his attorney failed to file an appeal, Petitioner could have discovered the basis for that claim as soon as fourteen days after the entry of judgment on December 18, 2013. Second, as to the dismissed charges, the dismissal dates of July 7, 2014 and March 15, 2015, are red herrings. Under Johnson v. United States, 544 U.S. 295, 298 (2005), the one-year statute of limitations under § 2255(f)(4) begins to run when a petitioner is notified of the order vacating a prior conviction that was used to enhance a federal sentence, assuming due diligence is shown in pursuing vacatur. Here, Petitioner's sentence was not enhanced based on a conviction that was recently vacated. Rather, his advisory sentencing Guideline range changed because he lost a discretionary acceptance of responsibility reduction.

The record clearly demonstrates that Judge Hall knew the circumstances of Petitioner's pending charges from Jefferson County Jail at sentencing. Defense counsel not only successfully argued for a delay of over two months in sentencing in attempt to obtain resolution of the charges, but at the sentencing proceedings, counsel also strenuously argued that Petitioner should not lose his acceptance of responsibility based on the pending charges that had not resulted in an indictment, let alone conviction. Sent. Trs., pp. 4-6, 8. Under U.S.S.G. § 3E1.1, a defendant may obtain a two point reduction for acceptance of

10

responsibility if he "clearly demonstrates acceptance of responsibility for his offense," and may obtain an additional one point reduction if the government requests it. However, the comments to § 3E1.1 explain that (1) the sentencing judge is in a unique position to evaluate acceptance of responsibility, (2) a defendant who enters a guilty plea is not entitled to a reduction as a matter of right, and (3) the sentencing judge's determination is "entitled to great deference." U.S.S.G. § 3E1.1 cmts. 3, 5; see also United States v. Gonzalez, 524 F. App'x 557, 561 (11th Cir. 2013).

Appropriate considerations by the sentencing judge include but are not limited to: truthfully admitting offense conduct and "voluntary termination or withdrawal from criminal conduct or associations." U.S.S.G. § 3E1.1 cmt. 1; see also United States v. Pace, 17 F.3d 341, 343 (11th Cir. 1994). Indeed, although "a guilty plea is 'significant evidence of acceptance of responsibility,' [it] may be outweighed if the defendant acts in a manner that is inconsistent with acceptance of responsibility." United States v. Cepero, 338 F. App'x 834, 835 (11th Cir. 2009). "A wide range of evidence may be considered in determining if the defendant recognizes the wrongfulness of his conduct, has remorse for the consequences, and is willing to turn away from that conduct in the future." United States v. Raimondi, 620 F. App'x 803, 805 (11th Cir. 2015) (citing United States v. Scroggins, 880 F.2d 1204, 1215-16 (11th Cir. 1989)). Thus, the sentencing judge may consider subsequent criminal conduct, even if unrelated to the offense of conviction, and the consideration is not limited to criminal behavior resulting in a conviction. Pace, 17 F.3d at 343-44 (denying acceptance of responsibility based on positive drug test on day of sentencing, which violated bond term for pretrial release); United States v. Jordan, 190 F. App'x 894, 897 (11th Cir. 2006) (rejecting

argument that a defendant was improperly denied acceptance of responsibility reduction based on unproven, pending state charges defendant acquired for alleged robbery committed while on bond after pleading guilty but awaiting sentencing). In fact, as has been previously recognized in this District, the decision by prosecuting officials to drop a pending charge would not necessarily negate a finding by the sentencing court that criminal activity had occurred. United States v. Harrell, CR 312-003, doc. no. 858 (S.D. Ga. Sept. 9, 2015) (Bowen, J.) (rejecting claim that reduction for acceptance of responsibility should be restored because charge for criminal activity that violated terms of pretrial release was ultimately nolle prossed).

Here, defense counsel thoroughly explained to Judge Hall the circumstances of the charges at the Jefferson County Jail that resulted in Petitioner losing his acceptance of responsibility reduction after the preparation of the initial PSI, not only in the motion for a continuance but also at the sentencing hearing.[4] However, Judge Hall also knew that despite "accepting responsibility for [his] actions," Petitioner continued to argue the circumstances of his arrest when interviewed by the Probation Officer after the guilty plea and that Petitioner had been arrested twice for state offenses while at the Jefferson County Jail.

---

[4]As the record makes clear, because of the chronology of the change from the initial thirty to thirty-seven month Guideline range to the thirty-seven to forty-six month range, Petitioner's assertion rings hollow that he signed a plea agreement "for the low end of 30-37 months with the acceptance of responsibility." (Doc. no. 11, p. 2). Not only did the Agreement Petitioner signed clearly set forth that the Court alone would determine his sentence and that the Court's sentence may differ from any projections offered by defense counsel or the prosecutor, (CR 112-258, doc. no. 42), but the initial thirty to thirty-seven month Guideline range was not calculated until *after* the Court accepted the guilty plea and the Probation Office prepared the initial PSI. Thus, Petitioner did not sign a plea agreement for the low end of a sentence between thirty and thirty-seven months.

PSI ¶¶ 8-9; Sent. Trs., pp. 4-6, 8. He knew Petitioner had an extensive criminal history replete with convictions for various theft and drug charges dating back to age seventeen. PSI ¶¶ 22-27; Sent. Trs., pp. 6-7. He also knew that when given the opportunity to make a statement at sentencing, Petitioner said nothing. Sent. Trs., pp. 6, 9. Having considered the sentencing factors in 18 U.S.C. § 3553(a), Judge Hall exercised his discretion to deny the acceptance of responsibility reduction and sentence Petitioner well below the statutory maximum of ten years, to a middle of the Guideline range sentence of forty-two months. Whether the Jefferson County Jail charges were eventually dismissed does not control the manner in which Judge Hall could validly exercise his sentencing discretion, and therefore, the date of dismissal of those charges does not set the start date under 28 U.S.C. § 2255(f)(4) for Petitioner's one-year statute of limitations.

### B. Petitioner Has Not Demonstrated He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The

13

petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a <u>severely confined</u> category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his motion. To the extent Petitioner claims his lawyer did not file an appeal, Petitioner offers absolutely no details on any efforts he made to ascertain for himself whether an appeal had been filed, let alone provide sufficient information to satisfy his burden to

show due diligence in pursuing his rights. Further, Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him. Indeed, Petitioner does not assert innocence of his crime of conviction, but rather claims that he was improperly sentenced. To the extent Petitioner claims an entitlement to equitable tolling based on the conclusory argument that he did not have access to a legal library while housed at the Jefferson County Jail after his sentencing, as explained above, Petitioner has not established actual harm because he clearly knew the basis for his claims and was able to write letters to the Court about his perceived improper loss of acceptance of responsibility reduction on his sentence.

Thus, Petitioner cannot show that the delay in filing a § 2255 motion was the result of extraordinary circumstances beyond his control, even with the exercise of due diligence, when he knew the facts supporting his current collateral challenge well before the expiration of his one-year statute of limitations. See Johnson, 340 F.3d at 1226. Additionally, "[w]hen a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice." Spencer v. United States, 773 F.3d 1132, 1139 (11th Cir. 2014). Petitioner was sentenced not only well below the statutory maximum of ten years, but also well within the thirty-seven to forty-six month advisory Guideline range, and he has not shown actual innocence or vacatur of any prior *convictions* that he claims were improperly used against him.

In any event, as explained above, Judge Hall heard extensively about the circumstances of Petitioner's arrests at the Jefferson County Jail at the time of sentencing. The Guidelines afford the sentencing judge discretion, which is due great deference, in evaluating whether a defendant is entitled to a reduction for acceptance of responsibility under § 3E1.1. With all the information before him at sentencing, Judge Hall determined Petitioner should not receive the reduction. Therefore, mere dismissal of the charges associated with Petitioner's two arrests while awaiting sentencing does not entitle Petitioner to resentencing, even if his § 2255 motion were timely.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** (doc. no. 7), that Petitioner's § 2255 motion be **DISMISSED** as untimely, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 26th day of January, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA